UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MATTHEW LEO LEVI FAISON,

Plaintiff,

v.

OUTLAW ASSOCIATION, and
HEARTS AND BARS ASSOCIATION,

Defendants.

No. C 11-5095 RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Legal Claims**

Plaintiff has not articulated any clear claims. Rather, he attaches filings related to a suit he pursued against defendants in the United States District Court for the Central District. That Court dismissed the suit, and the Ninth Circuit dismissed the notice of appeal for want of jurisdiction. It appears that by way of the instant suit, plaintiff seeks to reopen the matter he once pursued in the Central District. This Court is not the appropriate forum for such a matter. If plaintiff seeks to reopen the action, he must file in the Central District.

The Court notes that there are two other serious deficiencies in the complaint. First, as noted above, there is no articulation of specific facts to state claims of any kind, let alone any claims cognizable under § 1983. Second, defendants appear to be private entities, and therefore they could not have acted under color of state law, a pleading requirement under § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda County*, 811 F.2d 1243, 1245 (9th Cir. 1987).

In light of the foregoing, the action is hereby DISMISSED. The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED**.

DATED: February 8, 2012

RICHARD SEEBORG
United States District Judge

No. C 11-5095 RS (PR)
ORDER OF DISMISSAL

2